IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02969-BNB

HAROLD THOMAS MADDOX,

      Plaintiff,

v.

PAULA FRANTZ, Chief Medical Officer,
ARISTEDES ZAVARAS, Ex. Dir.,
JOANIE SHOEMAKER, Clinical Ser. Dir.,
CHERYL SMITH, Chief Clinical Services,
LOUIS COIBLING, M.D., C.C.C.F.,
DICK SMELSER, Warden, C.C.C.F.,
CATHIE HOLST, AIC, ADA, and
HENDERSON, Coordinator, C.C.C.F.,
(All individually and in their official capacities),

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Harold Thomas Maddox, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Facility.  He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915 on December 14, 2009.  Mr. Maddox was granted leave to proceed pursuant to 28 U.S.C. § 1915 on January 21, 2010, and he paid an initial partial filing fee on February 12, 2010.

1

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, Mr. Maddox will be directed to file an amended complaint.

Mr. Maddox asserts three claims. In general, he appears to allege that Defendants have been deliberately indifferent to his serious medical needs, because they have denied him access to treatment for an eye infection and have also refused to provide a prosthetic eye. He also appears to assert that he has been denied the right to access the courts because prison official have failed to respond to his grievances within a certain time frame.

Mr. Maddox's handwriting is hard to read and makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. One reason the complaint Mr. Maddox filed is difficult to read is because the complaint is single-spaced and primarily written in all capital letters. Therefore, the amended complaint Mr. Maddox will be directed to file, if

2

handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Maddox also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Maddox must name and show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Executive Director Aristedes Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Maddox may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Maddox uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Lastly, the amended complaint Mr. Maddox will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

3

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Maddox to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Harold Thomas Maddox, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Maddox, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

4

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Maddox fails to file an amended complaint within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED February 16, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02969-BNB

Harold Thomas Maddox
Prisoner No.  96046
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/16 /10

GREGORY C. LANGHAM, CLERK

By_____
             Deputy Clerk